## Turner v. Smith's Adm'x.

June 17, 1949.

E. B. Rose and C. E. Tyree for appellant.

Hunter M. Shumate for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The judgment is for $5,000 for the death of Tom Smith which occurred in an automobile accident. He with several other men was on a truck with a flat bed being

driven to work by their employer, Bill Turner. There was a collision or side-swiping with a Plymouth automobile going in the opposite direction, southwardly, driven by its owner, Morgan Tharp. Both Tharp and one Johnson, who was with him, were killed also. The suit was prosecuted against Turner and Tharp's administrator. The verdict was in favor of Tharp's administrator and against Turner. A reversal of the judgment is sought by Turner upon the sole ground that the evidence was not sufficient to establish his responsibility for the accident and, accordingly, the court should have peremptorily instructed the jury.

Special attack is made upon the testimony of Earl Cooper as being too vague and uncertain to have probative value. The witness was one of the men on the bed of the truck and was sitting by the side of the deceased, Smith. He was facing in the direction the truck was going. He saw the Plymouth car coming as the automobiles neared each other. "The best I remember," he testified, "it seemed like we might have been over just a little to the left. I don't know exactly. I can't remember much about it." Further, "It looked like Bill could have pulled over a little and missed the car. I don't know whether he could or not. If he had moved over, he might have been over a little"—referring to the left of the center of the road. The witness was knocked unconscious in the wreck. Throughout he used the expressions "seems like," "I think," "I believe" and similar indefinite terms. Whether he is one of these generally cautious, noncommittal individuals and was but following his usual way of expressing himself, or was a witness who really did not know what actually happened, or was deliberately evasive, was for the jury to determine. We note that testimony of other witnesses, some for the defendants, was of similar character. By the cold letter of the record, Cooper's testimony standing alone would probably have to be regarded as not having the quality of definite proof, but it tends to corroborate circumstantial evidence to the effect that the truck was on its wrong side of the road when the collision occurred.

Witnesses presently on the scene described the tracks made by the truck as being two or three feet from the right-hand edge of the paved road. They lead direct-

ly to the truck which was turned upside down diagonally across the road with its front on the left-hand side. If this very prominent track had been made by the left wheels of the truck, the right wheels would have been very far over in the drainage ditch of the highway, but there was no evidence of any track over there. Having been made by the right wheels, it proved that the other side of the truck was well over beyond the center line. There were some other circumstances, particularly of "cuts" in the road to the left of the center which were apparently made by the truck, and marks on the right side which were apparently made by the Plymouth automobile.

The testimony of the defendant, Turner, is that the Plymouth car came very fast around a curve and swung over to its wrong side of the road about half way beyond the center line. It struck the side of the truck, according to the defendant, and its door became wedged between the cab and the bed, thereby showing, it is argued, that the car had hit the truck rather than the other way around. The brakes were hereby broken, and it ran down the road several feet and turned over. The appellant's evidence is corroborated in general by the testimony of a man who was riding in the cab with him and one of the men who were on the bed of the truck. This evidence, together with the physical facts which tend to show that the front of the automobile struck the side of the truck, was not of such overwhelming probative value as to justify a rejection of the proof of the negligence of the defendant, Turner, as presented by the plaintiff.

The brief summary of the more impressive evidence we think supports our conclusion that the case was properly submitted to the jury.

The judgment is affirmed.